**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

**THE AMERICAN AUTOMOBILE**
**ASSOCIATION, INC., A CONNECTICUT**
**CORPORATION,**

     **Plaintiff**                **CASE NO.: 3:23-cv-1321**

**v.**

**JAY'S AUTO SALES AND REPAIRS, LLC.,**
**a Connecticut Limited Liability Company**
**and JOHN J. PITCHELL, as an individual**

     **Defendants.**

_____/

## COMPLAINT

COMES NOW, Plaintiff, The American Automobile Association, Inc., ("AAA" or "Plaintiff") a Connecticut Not-For-Profit Corporation, with its principal place of business in Florida, and sues Defendants, **JAY'S AUTO SALES AND REPAIRS, LLC**, ("Jay's Auto Sales"), a Connecticut limited liability company and **JOHN J. PITCHELL** ("Pitchell"), an individual resident of Connecticut, collectively ("Defendants"), and alleges as follows:

## INTRODUCTION

1.     This is a civil action for infringement of Plaintiff's federally registered trademarks under Section 32 of the Lanham Act, 15 U.S.C. § 1114, for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for unfair competition under the common law, arising from Defendants' unauthorized use of Plaintiff's AAA Mark and AAA Logo (later defined herein) in connection with the marketing and/or selling of auto repair services. As set forth below, through their continued use of the AAA Mark and AAA Logo, Defendants have willfully infringed Plaintiff's federally registered trademarks and unfairly

*Complaint*            *1*

competed with Plaintiff. These activities will continue unless enjoined by this Court.

## PARTIES

2.     Plaintiff is a not-for-profit corporation organized and existing under the laws of the State of Connecticut, with its principal place of business in Seminole County, Florida.

3.     On information and belief, Defendant Jay's Auto Sales is a limited liability company with its principal place of business at 253 Coppermill Road, Wethersfield, CT 06109.

4.     On information and belief, Defendant Pitchell is a resident citizen of Wethersfield, CT, and the owner of John J. Pitchell, having ultimate control over the actions of Jay's Auto Sales.

## JURISDICTION

5.     This Court has jurisdiction over the parties and the subject matter of this action pursuant to 15 U.S.C §1121, and 28 USC §1331, §1338(a) and (b), and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367 because the common law claim alleged is related to the federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

6.     Venue is proper under 28 U.S.C §1391(b)(1) because each of the Defendants reside or actively conduct business in this judicial district, 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to these claims occurred in this district, and 28 U.S.C. §1391(b)(3), in that Defendants are subject to personal jurisdiction in this district with respect to this action.

## TRADEMARKS AT ISSUE

7.     Plaintiff is the owner of valid and subsising United States Trademark Registration No. 0,829,265 on the Principal Register in the United States Patent and Trademark Office for the Mark "AAA" ("AAA Mark") for use in connection with:

2

"Automobile association services rendered to motor vehicle owners, motorists, and travelers generally- namely, obtaining motor vehicle license plates and title certificates; sponsoring school safety patrols; advocating legislation favorable to safe and economical motor vehicle travel, operation, and maintenance; conducting motor vehicle tests and making tests of automotive and related products; and rating tourist accommodations in International Class 42;

Arranging for discount purchases, collecting damage claims, offering rewards for information and conviction of persons stealing members' automobiles; and placing insurance with underwriters in International Class 35;

Providing bail bond in International Class 36;

Providing emergency road service in International Class 37;

Disseminating travel information and making travel arrangements in International Class 39; and

Teaching motor vehicle operation; conducting traffic and pedestrian safety campaigns and giving traffic safety lessons in International Class 41."

Attached as Exhibit 1 is a true and correct copy of the registration certificate for Plaintiff's United States Trademark Registration No. 0,829,265, which was issued by the United States Patent and Trademark Office on October 22, 1965. The registration of the AAA Mark is prima facie evidence of the AAA Mark's distinctiveness and validity and of Plaintiff's exclusive right to use the AAA Mark in connection with the goods recited in the registration. *See* 15 U.S.C. §§ 1507(b), 1115(a) (2006).

8.      Plaintiff is also the owner of valid and subsisting United States Trademark Registration No. 5,036,379 on the Principal Register in the United States Patent and Trademark Office for the Mark "AAA" ("AAA Logo") for use in connection with:

3

Magazines, pamphlets, booklets, and directories in the fields of travel information, traffic safety, vehicle information and repair, and driver instruction; maps, groups of strip and other maps, and printed booklets and pamphlets featuring touring and route information in International Class 14.

Administration of a discount program for enabling participants to obtain discounts on goods and services through use of a discount membership card; promoting public awareness of the need for traffic and pedestrian safety by means of sponsoring school safety patrols and conducting traffic and pedestrian safety campaigns; promoting the interests of automobile travelers by advocating legislation favorable to safe and economical motor vehicle travel, operation, and maintenance; automobile club services, namely, price comparison rating of the tourist accommodations of others in International Class 35.

Adjusting and collecting insurance damage claims; insurance brokerage services, namely, obtaining insurance, placing insurance with underwriters; financial services, namely, issuing, paying, and collecting traveler's checks; banking services, namely, time deposits; investment advice counseling services; credit card and auto loan services; reimbursement for legal services in International Class 36.

Emergency road services in International Class 37.

Travel agency services, namely, making reservations and booking for transportation; Providing a website and website links to geographic information, map images, and trip routing in International Class 39.

Providing online magazines in the field of travel; publication of electronic magazines in International Class 41.

Consumer product safety testing and consultation, namely, conducting motor vehicle tests, endurance tests, and making tests of automotive and related products in International Class 42.

Travel agency services, namely, making reservations and booking for temporary Lodging in International Class 43.

Attached as Exhibit 2 is a true and correct copy of the registration certificate for Plaintiff's United States Trademark Registration No. 5,036,379, which was issued by the United States Patent and Trademark Office on September 6, 2016. The registration of the AAA Logo is prima facie evidence of the AAA Logo's distinctiveness and validity and of Plaintiff's exclusive right to use the AAA Logo in connection with the goods recited in the registration. *See* 15 U.S.C. §§ 1507(b), 1115(a) (2006).

9.      In addition, Plaintiff possesses all rights, title, and interest in and to the common law rights subsisting in Plaintiff's AAA Mark and AAA logo based on continuous use of the AAA Mark and AAA Logo in U.S. commerce by Plaintiff, its members, and authorized service providers since as early as 1965 with respect to the AAA Mark, and 1997 with respect to the AAA Logo, in connection with various automobile-related services.

## RELEVANT FACTS

10.      Plaintiff was founded on March 4, 1902, in Chicago, Illinois consisting of a group of nine motor clubs with 1,500 members.

11.      As time went on, the organization started to gain momentum. More clubs across

5

the United States began to join the organization, bringing together thousands of drivers from all corners of the country. To date, there are approximately 47 local clubs in the United States and Canada and 57 million members.

12.     Today, automobile-related services, namely roadside assistance and auto repair services, have become synonymous with Plaintiff and its AAA Mark and AAA Logo.

13.     In fact, starting in 1915, Plaintiff was the first to introduce service at the roadside for stranded motorists under its AAA Mark. This service remains one of the most valued features of membership, with Plaintiff responding to nearly 30 million calls for roadside assistance each year.

14.     In 1975, Plaintiff increased its exposure nationwide by creating its Approved Auto Repair (AAR) program. The AAR program was established to address one of the most frequent consumer complaints—dissatisfaction with reputable and affordable automobile repair shops.

15.     Plaintiff licenses AAR facilities to provide services under the AAA Mark and AAA Logo and advertise, market, and provide automobile-related services under the AAA Mark and AAA Logo.

16.     AAR facilities are first-rate shops that regularly meet Plaintiff's stringent, industry-leading standards.

17.     Approximately 7,000 auto repair facilities throughout the United States and Canada belong to Plaintiff's AAR program. Thus, millions of people are exposed to the AAA Mark and AAA Logo each year.

18.     Plaintiff's use of its AAA Mark and AAA Logo has continued uninterrupted, and Plaintiff has never abandoned its use of its AAA Mark, nor its AAA Logo.

19.     Plaintiff has established extensive goodwill in the AAA Mark and AAA Logo

relating to its marketing and selling of automobile-related services. The AAA Mark and AAA Logo are inherently distinctive to both the public and within the trade, as used in connection with the highest quality of automobile-related services. The AAA Mark and AAA Logo primarily serve as designators of origin for the various automobile-related services marketed and sold by Plaintiff, its members, and authorized service providers.

20.     As a result of the widespread and long-term use and display of Plaintiff's AAA Mark and AAA Logo, both the public, and the industry, use the AAA Mark and AAA Logo to identify and refer to the automobile-related services offered and sold by Plaintiff, its members, and authorized service providers.

21.     On or about June 17, 2022, Plaintiff learned of Defendant Pitchelle's unauthorized use of the AAA Mark and AAA Logo in connection with his business, Jay's Auto Sales and the automobile-related services offered thereunder.

22.     Defendant Pitchell continued to use the AAA Mark and AAA Logo by labeling and marketing his business, Jay's Auto Sales, through the website used for the business, jaysautosalesandrepair.com.

23.     As a result of learning of Defendants' unauthorized use of Plaintiff's AAA Mark and AAA Logo, the manager of Plaintiff's AAA Auto Approved Repair offices contacted Defendants by letter at the physical address listed for Jay's Auto Sales, 253 Coppermill Road, Wethersfield, CT 06109, apprising them that unauthorized use of Plaintiff's intellectual property was prohibited, and all use of such intellectual property must cease.

24.     Despite having received the aforementioned letter, Defendants continued their unauthorized use of the AAA Mark and AAA Logo.

25.     Given the overlap in services provided by Defendants and those provided by

Plaintiff, in conjunction with Defendants' unauthorized use of Plaintiff's AAA Mark and AAA Logo, Plaintiff, via counsel, sent a cease and desist letter to Defendants apprising them of Plaintiff's superior and exclusive rights to use the term "AAA" in relation to the goods/services listed in its AAA trademark registrations, as well as related goods/services, and that use of the AAA Mark and AAA Logo in relation to Defendants' automobile-related services infringed upon Plaintiff's rights in and to the AAA Mark and AAA Logo. A true and correct copy of the first cease and desist letter sent to Defendants is attached hereto as Exhibit 3.

26.     No response to the first cease and desist letter was received by Plaintiff prompting Plaintiff to send a second cease and desist letter on August 20, 2023. A true and correct copy of the second cease and desist letter sent to Defendants is attached as Exhibit 4.

27.     A response from Defendant Pitchell was received via email on August 21, 2023. A true and correct copy of the response is attached here as Exhibit 5.

28.     Plaintiff thereafter sent a third and final cease and desist letter in response to Defendant Pitchell's email. A true and correct copy of the third cease and desist letter sent to Defendants is attached as Exhibit 6.

29.     No response to the third cease and desist letter was received by Plaintiff.

30.     To date, Defendants continue to advertise, market, and/or use the AAA Mark and AAA Logo in relation to its automobile related services, trading off of, and benefiting from, the reputation and goodwill Plaintiff has built in the AAA Mark. *See* Exhibit 7 attached which shows true and accurate depictions from Defendants' social media page and website showing continued use of the AAA Mark and AAA Logo in Defendant's advertisements and social media posts.

31.     Defendants' infringing acts as alleged herein are likely to cause confusion, mistake, and deception amongst the relevant consuming public as to the source or origin of Defendants'

4895-1232-3462, v. 1

services and are likely to deceive the relevant consuming public into believing, mistakenly, that Defendants' services originate from, are associated, or affiliated with, or otherwise authorized by Plaintiff.

32.     Defendants' acts are willful with the deliberate intent to trade and provide services on the goodwill of Plaintiff's AAA Mark and AAA Logo, cause confusion and deception in the marketplace, and divert potential business from Plaintiff and its authorized members and service providers to Defendants.

33.     Defendants' aforementioned unlawful acts have caused, and will continue to cause, damages and irreparable harm to Plaintiff and its AAA Mark, and to the business and substantial goodwill represented thereby, and said acts will continue to damage Plaintiff unless restrained by this Court.

34.     Plaintiff has no adequate remedy at law.

35.     Plaintiff has retained the undersigned attorneys and has agreed to pay them a reasonable fee.

### COUNT I
### FEDERAL TRADEMARK DILUTION OF THE AAA MARK
### 15 U.S.C. § 1125(c)

36.     Plaintiff repeats and reavers each and every allegation as set forth in paragraphs 1 through 58 as though fully set forth herein.

37.     The AAA Mark and AAA Logo are famous and distinctive.

38.     Defendants' unauthorized use of the AAA Mark and AAA Logo is likely to dilute the foregoing marks by creating a false association arising from Defendants use of Plaintiff's intellectual property, which impairs the distinctiveness of the famous marks and tarnishes the strong and positive reputation associated with the AAA Mark and AAA Logo.

4895-1232-3462, v. 1

39.     Defendants seek to derive a commercial benefit from the value and goodwill associated with the AAA Mark and AAA Logo.

40.     Plaintiff has requested on three different occasions that Defendants cease use of Plaintiff's AAA Mark and AAA Logo.

41.     Defendants have not complied with these requests and have knowingly continued their use of the AAA Mark and AAA Logo in the promotion, advertisement, and rendering of automotive-related services. *See* Exhibit 8 attached showing continued use the AAA Mark and AAA Logo as of July 16, 2023.

42.     Accordingly, Defendants' ongoing infringement of Plaintiff's rights in its AAA Mark and AAA Logo has been intentional, in bad faith, and, at a minimum, in reckless disregard for Plaintiff's rights under the Lanham Act.

43.     Defendants' conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

44.     Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and cost of the action.

### COUNT II
### FEDERAL TRADEMARK INFRINGEMENT
### 15 U.S.C. § 1114(a)

45.     Plaintiff repeats and reavers each and every allegation of paragraphs 1 through 35 as though fully set forth herein.

46.     Defendants' unauthorized use in commerce of the AAA Mark and AAA Logo as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of

4895-1232-3462, v. 1

Defendants' goods and services and is likely to cause consumers to believe, contrary to fact, that Defendants' goods and services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendants are in some way affiliated with or sponsored by Plaintiff. Defendants' conduct, therefore, constitutes trademark infringement, at least one of direct infringement, contributory infringement, or vicarious infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

47.     Defendants have committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights of the AAA Mark and AAA Logo and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

48.     Defendants' conduct is causing immediate and irreparable harm and injury to Plaintiff and its goodwill and reputation and will continue to damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

49.     Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and cost of the action Under Section 43 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117.

## COUNT III
## FEDERAL UNFAIR COMPETITION
### 15 U.S.C. § 1125(a) – Lanham Act §43(a)

50.     Plaintiff repeats and reavers each and every allegation of paragraphs 1 through 49 as though fully set forth herein.

51.     Plaintiff's AAA Mark and AAA Logo are entitled to protection under Section 43(a) of the Lanham Act.

52.     Defendants' unauthorized continued use and promotion of its automotive related

4895-1232-3462, v. 1

services in conjunction with the AAA Mark and AAA Logo, to identify Defendants' goods and services, is willful. Defendants' acts are intended to cause, and is likely to cause, confusion or mistake, or to deceive as to the affiliation, connection, or association between Plaintiff and Defendants, or as to the origin, sponsorship, or approval by Plaintiff of Defendants' goods and services.

53.     Defendants' unauthorized continued use of the AAA Mark and AAA Logo constitutes a false description of origin, false or misleading description of fact, or false or misleading representation of fact as those terms are used in Section 43(a) of the Lanham Act.

54.     Defendants' conduct as alleged herein constitutes unfair competition, at least one of direct, contributory, or vicarious liability for unfair competition, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

55.     Plaintiff has been damaged by Defendants' conduct and will suffer irreparable harm.

56.     Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117.

## COUNT IV
## COMMON LAW UNFAIR COMPETITION

57.     Plaintiff repeats and reavers each and every allegation of paragraphs 1 through 56 as though fully set forth herein.

58.     Plaintiff is the owner of the AAA Mark and AAA Logo at issue, including within the State of Colorado.

59.     Plaintiff's AAA Mark and AAA Logo are inherently distinctive.

60.     Defendants are using Plaintiff's AAA Mark and AAA Logo, to identify similar goods and services marketed and sold by them, in competition with Plaintiff, in the same trade area where Plaintiff has established goodwill.

61.     As a result of Defendants' actions, customer confusion is likely as to the source or sponsorship of Defendants' goods and services.

62.     Plaintiff has been damaged by Defendants' aforementioned acts which amounts to at least one of direct, contributory or vicarious liability for common law unfair competition.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays this Honorable Court enters such preliminary and final orders and judgments as are necessary to provide Plaintiff with the following requested relief:

A.     Permanent injunctive relief enjoining Defendants, its officers, employees, and agents, and all persons or entities in active concert with it, from using, displaying, advertising, or selling their goods under, or from otherwise doing business under or in connection with the AAA Mark, AAA Logo and any other confusingly similar alternative or variation thereof;

B.     Order Defendants to terminate and cancel all domain names accessible in the United States, and registrations that contain the AAA Mark, AAA Logo and/or similar variations;

C.     Order the forfeiture, and/or destruction of any automobile-related services, clothing, printed materials, store signage, advertisements, web sites, or any other items or materials containing any variation of the AAA Mark and/ or AAA Logo;

D.     Order the removal of any and all advertisements, promotions, usernames, hashtags, and like content/ material from all platforms accessible via the Internet, under Defendants' operation or control, which feature the AAA Mark, AAA Logo, or any similar variation;

E.     Pay damages, actual and/or statutory, as so permitted by applicable law, costs of

13

the action, and for an award of attorneys' fees for a finding of an exceptional case, as required by law.

## **<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff, by and through its undersigned attorneys, requests a trial by jury on all issues so triable.


Dated this 11th day of October, 2023.

Respectfully Submitted,

By: /s/ *Benjamin J. Lehberger*
Benjamin J. Lehberger (ct26880)
DILWORTH IP, LLC
470 James Street, Suite 007
New Haven, CT 06513
Telephone: (203) 220-8496
Facsimile: (203) 293-9176
blehberger@dilworthip.com

Terry M. Sanks (Florida Bar No. 0154430)
Amaris Gyebi (Florida Bar No. 1019361)
BEUSSE SANKS, PLLC
157 E. New England Ave, Suite 375
Winter Park, FL 32789
Telephone: (407) 644-8888
Facsimile: (407) 926-3200
Email: tsanks@firstiniplaw.com
Email: agyebi@firstiniplaw.com

*Attorneys for Plaintiff,* **THE AMERICAN AUTOMOBILE ASSOCIATION, INC.**

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed using the

Court's electronic filing system this 11th day of October, 2023.

<u>/s/ Benjamin J. Lehberger</u>
Benjamin J. Lehberger

15